**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RAGHEED AKRAWI,

    Petitioner,

v.                                  CASE NO. 05-CV-74518-DT

RAYMOND BOOKER,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR RECUSAL,
DENYING PETITIONER'S MOTION FOR BOND,
AND GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME**

**I. Introduction**

**A. State Court Proceedings**

This is a habeas corpus action under 28 U.S.C. § 2254. In 1991, Petitioner Ragheed Akrawi was convicted, as charged, of conspiracy to possess with intent to deliver over 650 grams of cocaine. The trial court sentenced Petitioner to life imprisonment, but the minimum sentence subsequently was reduced to seventeen and a half years due to an amendment in the statute.

Petitioner appealed his convictions without success. In 1998, however, he filed a post-conviction motion, which alleged that the prosecutor had withheld favorable evidence from him. The trial court granted Petitioner's motion and ordered a new trial. After the prosecutor appealed the trial court's decision, the trial court stayed the proceedings and set a cash bond in the amount of $12,000,000. The Michigan Court of

Appeals subsequently reversed the trial court's decision, and the Michigan Supreme Court denied Petitioner's application for leave to appeal.

### B.  Federal Court Proceedings

Petitioner has filed two prior habeas corpus petitions. This court dismissed his first petition without prejudice so that he could pursue state remedies for his unexhausted claims. *See Akrawi v. Burke*, No. 97-CV-10417-BC (E.D. Mich. Sept. 15, 1998). The second habeas petition challenged the trial court's decision to set pretrial bond at $12,000,000. United States District Judge Nancy G. Edmunds denied the second habeas petition because Petitioner's request for pretrial bail had become moot. *See Akrawi v. Jackson*, No. 03-CV-74132-DT (E.D. Mich. Dec. 2, 2004).

Petitioner filed his current habeas corpus petition through counsel on November 29, 2005. Currently pending before the court are Petitioner's motions (1) to have the court recuse itself, (2) for bond pending review of his habeas petition, and (3) for an extension of time to file a reply to the responsive pleading.

## II.  Discussion

### A.  The Motion for Recusal

Petitioner seeks to have the court recuse itself from this case on the general ground that the court is biased against him. As support for this claim, Petitioner argues first that he previously filed a civil complaint in which he criticized the court as being incompetent and mentally deficient, among other things. Petitioner also claims that he was investigated by the office of the St. Clair County Prosecuting Attorney when this judge held that elected office. According to Petitioner, the investigation formed the

basis for the Oakland County prosecution, which resulted in Petitioner's conviction and present incarceration.

Petitioner relies on 28 U.S.C. § 455. Subsection (a) of that statute requires federal judges to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. Actual bias is not a requisite element for a valid claim under this subsection. *Clemmons v. Wolfe*, 377 F.3d 322, 327 (3d Cir. 2004). Recusal is required, however, when the judge is personally biased against a party, has personal knowledge of disputed evidentiary facts concerning the proceeding, or expressed an opinion on the merits of the particular case in controversy when serving as a governmental employee. 28 U.S.C. § 455(b)(1) & (3). A judge

> need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018, 109 S. Ct. 816, 102 L. Ed. 2d 805 (1989).
>
> In addition, prejudice or bias must be personal or extrajudicial in order to justify recusal under section 455(a) . . . . 'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'

*United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989)).

The court finds no merit in Petitioner's contention that this judge, as St. Clair County Prosecuting Attonrey, somehow "investigated" Petitioner's Oakland County case. It is immaterial that this judge served as the St. Clair County Prosecutor at the time that Petitioner was investigated for an offense in Oakland County. *See Gillard v.*

*Mitchell*, 445 F.3d 883, 893 (6th Cir. 2006).  Furthermore, Petitioner has not pointed to any evidence that the court is personally biased against him as a result of the court's background or former association with attorneys who were public prosecutors.

Petitioner's affidavit in support of the recusal motion is correct only insofar as it states certain matters available in the public record, e.g., the statement that this judge served as a Prosecuting Attorney in the 1980's (¶ 7) and that this judge served as President of the Prosecuting Attorneys Association of Michigan in 1989 (¶ 24). Petitioner's affidavit also correctly refers to the prosecution of a man named Freeman (¶ 13), although it incorrectly lists the defendant's first name, which is Frederick, as "Mickey."  As is Petitioner, Freeman is currently serving a term of life imprisonment in Michigan's prison system. Freeman's conviction was first-degree murder.

The affidavit is utterly false in certain other averments related to the conduct of this judge twenty years ago. It falsely states, for example, that an "Officer Bowens" was a "friend" of this judge. The court suspects Petitioner means John *Bowns,* a now-retired Port Huron Police Department officer and later a detective. Mr. Bowns, however, was not a "friend" of this judge any more than would be another randomly-selected person from among many dozens of local law enforcement investigators. Indeed, Mr. Bowns had been a *defendant* in a misdemeanor criminal case brought by this judge in his capacity as a prosecutor some years earlier, before Mr. Bowns was promoted to detective (he was acquitted at trial).

Although this judge has no independent recollection of whether he has ever spoken with Petitioner and has no recollection of the details of all investigative conversations that might be asserted as having occurred more than twenty years ago,

4

Petitioner's affidavit is almost certainly false in its averment that Petitioner was "told" by this judge anything of substance about an ongoing investigation (¶ 17); it is most likely false in its averment that Petitioner was "asked" directly by this judge anything significant to an ongoing investigation (¶ 18); and it is absolutely false in its averment that Petitioner was "contacted" by this judge – independently of investigative officers – and informed that Petitioner would be charged with two serious felony offenses "if he did not report to the Prosecutor's office on that day" (¶ 21).[1]

Generally, the manner in which the St. Clair County Prosecuting Attorney's office was managed in the 1980's called for investigators to investigate (i.e., to ask questions of potential witnesses and others) and for prosecuting officials to review the fruits of investigations – pending and completed – possibly to redirect investigations in need of such action, and ultimately to decide an outcome (i.e., to charge a crime or not).

The affidavit is utterly false in its averment that this judge, as a prosecuting attorney, "grew up with" and was familiar with Chaldeans (¶ 5), was "familiar" with the details of the Oakland County Akrawi investigation (¶ 25), that he lobbied the federal government to pursue the investigation (¶ 24), and that he was and is a "close associate" of certain Oakland County assistant prosecuting attorneys (¶ 26). None of the information contained in Petitioner's largely imaginary affidavit provides any basis for recusal.

---

[1] The court, being unable to conceive of anyone doltish enough to respond to *that* kind of obvious, heavy-handed threat, is mildly disappointed that Petitioner was not inventive enough to ascribe a minimal degree of cunning to this judge's supposed "contact" of him.

Nor does the court harbor any personal bias against Petitioner as a result of Petitioner's civil complaint against the court.[2] The court has not displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible" in this case. *Liteky v. United States,* 510 U.S. 540, 555 (1994). Moreover, opinions formed by this court on the basis of facts introduced in this proceeding or during prior proceedings do not constitute a basis for a bias or partiality motion. *Id.* The court declines to recuse itself from this action.

Petitioner has asked the court to stay this action if the court denies his motion, because he intends to file a petition for mandamus with the United States Court of Appeals for the Sixth Circuit upon the denial of his motion. The Court of Appeals is authorized to "consider a petition for a writ of mandamus following a district court's denial of a motion to disqualify based on an appearance of partiality." *United States v. Surapaneni*, 14 Fed. Appx. 334, 336 (6th Cir. 2001) (citing *In re Aetna Casualty and Surety Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990) (*en banc*)). The court, therefore, will stay Petitioner's case if he appeals this order. Petitioner's motions for recusal will be denied in all other respects.

### B.  The Motion for Bond

Petitioner seeks release on bond pending resolution of his habeas petition. He claims that he does not pose a danger to the community, that he has strong family ties and community support, and that he is not likely to flee the area if released on bond.

---

[2] Petitioner's complaint was dismissed on November 14, 2005, and the dismissal was affirmed on May 25, 2006. *See In re: Complaint of Judicial Misconduct*, Case No. 05-6-351-30 (6th Cir. May 25, 2006).

Petitioner seeks expedited review of his habeas petition if the court chooses to deny release on bond.

Petitioner has been convicted and sentenced in state court and is now attacking his conviction in a collateral proceeding. To be deserving of release on bond, he must show that there are "substantial questions" presented in his habeas petition and "some circumstance making th[e] application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as there will be few occasions when a petitioner will meet the standard established in *Aronson Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

The habeas petition alleges that: (1) the prosecutor withheld evidence that a witness was given a substantial deal in exchange for his testimony; (2) Petitioner was denied due process when (a) the prosecutor bolstered the testimony of prosecution witnesses, (b) the trial court admitted threats that Petitioner allegedly made to the police, (c) the trial court abdicated its responsibility to control the proceedings by allowing the attorneys to debate certain matters in the jurors' presence, and (d) the prosecutor introduced large sums of money and material possessions in evidence; and (3) the prosecution produced testimony about anonymous accusers who were not produced as witnesses at trial. Respondent contends that these claims lack merit, in

addition to being barred by the statute of limitations and the doctrine of procedural default.

Furthermore, Petitioner has not shown that this case is exceptional and deserving of special treatment. Although he alleges that he has been imprisoned for sixteen years and is likely to be released on parole before the court renders a decision on his habeas petition, much of the delay in the habeas proceedings has been due to his failure to exhaust state remedies for all his claims earlier. The court will therefore deny Petitioner's motion for bond. Also, the court need not grant Petitioner's alternative request for expedited review because, at his request, the court has agreed to stay this case in the event he appeals the court's decision on his motion for recusal. No need for expedited review is convincingly made out.

### C. The Motion for an Extension of Time

Petitioner has filed a *pro se* motion for an extension of time to file a reply to Respondent's answer to the habeas petition. The court may enlarge a deadline "for cause shown . . . if request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Civ. P. 6(b)(1). Petitioner filed his motion within the time for filing a reply, and he alleges that he has been unable to meet with, or contact, his attorney. Therefore, his motion for an extension of time will be granted.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's motions for recusal [Doc. ## 27 & 28] are DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for bond [Doc. # 2] is DENIED.

Finally, IT IS ORDERED that Petitioner's motion for an extension of time [Doc. # 8] is GRANTED.  Petitioner shall file his reply within twenty-eight (28) days from the date of this order.  If, alternatively, he appeals the court's decision and is unsuccessful in obtaining a recusal, then Petitioner shall file his reply within twenty-eight days of the appellate court issuing a mandate from its decision on the matter(s) appealed.

     S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2006, by electronic and/or ordinary mail.

     S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

6/29/06:S:\Cleland\JUDGE'S DESK\Even Orders\05-74518.AKRAWI.bh.4.wpd