**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

RAGHEED AKRAWI,

        Petitioner,

v.                                 Case No. 05-CV-74518-DT

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND THE JUDGMENT

Petitioner Ragheed Akrawi has moved for reconsideration of, and to vacate, the court's opinion and order denying his habeas corpus petition. The habeas petition challenges Petitioner's state court conviction for conspiracy to possess with intent to deliver over 650 grams of cocaine. The petition alleges that:

    I.    Petitioner was denied his constitutional right to a fair trial when the prosecution and a crucial witness not only failed to disclose, but arbitrarily and deliberately acted in concert to conceal the fact that the witness was accorded a substantial deal in exchange for his highly suspect testimony.

    II.    Petitioner was denied his constitutional right to due process of law where:

        A.    the prosecutor improperly bolstered key prosecution witnesses by placing the authority of law enforcement and the prosecutor's office behind the witnesses and placing the court's imprimatur on the accusations by arguing that witness deals are "approved by federal judges;"

        B.    the trial court admitted, over objection, threats Petitioner allegedly made to police during a

> > warrantless, illegal search unrelated to the charges;
>
> C. the trial court abdicated its responsibility to control the proceedings when it allowed the attorneys to debate in the jurors' presence the applicability of the verdict and the issue of forfeiture of Mr. Akrawi's property without ruling on the matter or issuing an appropriate instruction to the jurors, and;
>
> D. the prosecutor was permitted, over objection, to introduce evidence of large sums of money and material possessions which was irrelevant to the charges.
>
> III. Mr. Akrawi was denied his right of confrontation where the prosecution produced, over objection, testimony that the instant charge developed from anonymous accusers who were not produced as witnesses at trial.

Petitioner asserts in his pending motion that the prosecutor's conduct was presumptively prejudicial and that this court failed to apply or follow *Bell v. Bell*, 460 F.3d 739 (6th Cir. 2006). Petitioner states that *Bell* "is factually and legally indistinguishable from the instant case" and "constitutes controlling precedent." (Petitioner's Mot. for Reconsid. at 8.) The problem with this argument is that, on December 15, 2006, the Sixth Circuit granted rehearing *en banc* in *Bell* and then vacated its previous decision.

> An additional problem with Petitioner's motion is that it seeks to have the court
>
> > vacate that part of the order entered February 21, 2007, relative to the production of Dr. Thomas' report; and, imposing sanctions on the Plaintiff. At the very least, this Court should compare the transcript of proceedings of oral argument on February 21, 2007, and compare the *assertions made* with the *actual facts*.

(Mem. of Law in Support of Mot. for Reconsid. at 28.) (emphasis in original). This court, however, did not enter an order "relative to the production of Dr. Thomas's report" on February 21, 2007, or on any other date, did not hold oral arguments in this case on that date, or any other date, and did not at any time impose sanctions on Petitioner. In fact, the court recalls no reference to either any "Dr. Thomas" or a report associated with a person by that name in the record of this case. Perhaps Petitioner is thinking of another case.[1] In any event, Petitioner has failed to show that the court was misled by a "palpable defect." *See* E.D. Mich. LR 7.1(g)(3). Accordingly,

IT IS ORDERED that Petitioner's motion for reconsideration and/or to alter or amend the judgment [Dkt. # 48] is DENIED.

           s/Robert H. Cleland
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated: August 3, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2007, by electronic and/or ordinary mail.

           s/Lisa G. Wagner
           Case Manager and Deputy Clerk
           (313) 234-5522

---

[1] In addition to the instant case, "Ragheed Akrawi" is listed as a party in the following civil cases filed in the Eastern District of Michigan: *Akrawi v. Orr, et al,* 89-60236; *Akrawi, et al v. Burke,* 97-10417; *Akrawi v. Jackson,* 03-74132; *Akrawi v. White, et al,* 04-72415; and as a defendant in the following criminal cases: *USA v. Akrawi,* 89-80667 and *USA v. Akrawi, et al,* 90-80342.