# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

RAGHEED AKRAWI,

        Petitioner,

v.                                            Case No. 05-CV-74518

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER GRANTING IN PART A CERTIFICATE OF APPEALABILITY

### I. INTRODUCTION

Petitioner has appealed the court's opinion and order denying his habeas corpus petition [Dkt. # 46]. The court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484.

### II. DISCUSSION

The habeas petition challenges Petitioner's 1991 state court conviction for conspiring to commit a narcotics offense. The grounds for relief read:

I. Petitioner was denied his constitutional right to a fair trial when the prosecution and a crucial witness not only failed to disclose, but arbitrarily and deliberately acted in concert to conceal the fact that the witness was accorded a substantial deal in exchange for his highly suspect testimony.

II. Petitioner was denied his constitutional right to due process of law where:

   A. the prosecutor improperly bolstered key prosecution witnesses by placing the authority of law enforcement and the prosecutor's office behind the witnesses and placing the court's imprimatur on the accusations by arguing that witness deals are "approved by federal judges;"

   B. the trial court admitted, over objection, threats Petitioner allegedly made to police during a warrantless, illegal search unrelated to the charges;

   C. the trial court abdicated its responsibility to control the proceedings when it allowed the attorneys to debate in the jurors' presence the applicability of the verdict and the issue of forfeiture of Mr. Akrawi's property without ruling on the matter or issuing an appropriate instruction to the jurors, and;

   D. the prosecutor was permitted over objection, to introduce evidence of large sums of money and material possessions which was irrelevant to the charges.

III. Mr. Akrawi was denied his right of confrontation where the prosecution produced, over objection, testimony that the instant charge developed from anonymous accusers who were not produced as witnesses at trial.

### A. Failure to Disclose Favorable Evidence

Petitioner's first claim alleges that the prosecution and Wissam Abood concealed

the fact that Abood was granted consideration for his testimony against Petitioner at

2

Petitioner's trial. The court determined that, although there was no formal deal between Abood and law enforcement officials at the time of Petitioner's trial, there was at least an informal agreement to reduce the charges against Abood in return for his testimony against Petitioner and other people. The court nevertheless concluded that Petitioner was not prejudiced by the failure to disclose the agreement.

Reasonable jurists might debate the court's assessment of Petitioner's constitutional claim, because the record supports Petitioner's allegation that the prosecution suppressed evidence favorable to the defense. The only question is whether the failure to disclose the evidence was prejudicial to Petitioner's defense. "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Accordingly, a certificate of appealability may issue on Claim I.

### B. The Due Process Claims

Petitioner's second claim alleges that the prosecutor committed misconduct, that the trial court erroneously admitted certain evidence and that the trial court did not adequately control the proceedings. The court determined that the prosecutor's remarks were harmless and did not amount to flagrant misconduct, that the alleged evidentiary errors did not result in a fundamentally unfair trial and that the trial court did not abdicate its responsibility to control the proceedings. Reasonable jurists would agree, because the prosecutor's comments were harmless, Petitioner's evidentiary claims are not cognizable on habeas review, and the alleged omissions by the trial court

3

did not violate Petitioner's right to a fair trial. Consequently, the court declines to issue a certificate of appealability on Claim II.

### C. The Right to Confront Witnesses

Petitioner's third and final claim alleges that a special agent violated Petitioner's right to confront witnesses when the agent testified that surveillance was performed during the investigatory stage on "several people that were known to [them] through talking to informants . . . ." The court concluded that the agent's comment did not violate Petitioner's rights under the Confrontation Clause. Reasonable jurists would agree, because the agent's comment was mere background information concerning the investigation. Thus, a certificate of appealability will not issue on Claim III.

### III. CONCLUSION

For all the reasons stated above,

IT IS ORDERED THAT a certificate of appealability may issue on Claim I regarding the failure to disclose evidence favorable to the defense. The court declines to issue a certificate of appealability on Petitioner's remaining claims.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2007, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522